24 Cal.Rptr.3d 285 (2005)
126 Cal.App.4th 247
AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, Local 1902, AFL-CIO, Petitioner and Appellant,
v.
METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA, Defendant and Respondent.
No. B166179.
Court of Appeal, Second District, Division Three.
January 31, 2005.
*288 Rothner, Segall & Greenstone, Anthony R. Segall and Bernhard Rohrbacher, Pasadena, for Petitioner and Appellant.
Lewis Brisbois Bisgaard & Smith and Wesley G. Beverlin, Los Angeles, for Defendant and Respondent.
ALDRICH, J.

INTRODUCTION
This appeal involves the grievance procedure under a memorandum of understanding (the MOU) between the Metropolitan Water District of Southern California (the MWD) and the American Federation of State, County, and Municipal Employees, Local 1902, AFL-CIO (the Local), the union representing the MWD's general employees. During its reorganization, the MWD created a number of new managerial positions. It then issued and amended a list of current supervisory employees who would automatically be placed in some of the new positions, leaving the remaining new jobs open to competitive bidding from MWD's other employees. The Local filed a grievance under the MOU to challenge the amendment to the list. The MWD rejected the grievance.
In its three separate appeals, the Local challenges the trial court's orders (1) denying its petition to compel arbitration (Code Civ. Proc., § 1281.2), (2) denying its petition for writ of mandate (id., § 1085), and (3) granting the MWD cost-of-proof fees and expenses. (Id., § 2033, subd. (o).) We hold that the MOU is not an agreement to arbitrate and affirm the order denying the Local's petition under section 1281.2. We further hold that the trial court did not err in denying the petition for writ of mandate because the Local failed to prove its entitlement to the relief it requested. Finally, we hold that the trial court did not abuse its discretion in awarding the MWD its cost of proof fees and expenses. Accordingly, the three orders are affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

1. The parties.

The MWD is a governmental agency, formed under the Metropolitan Water District Act (Stats.1969, ch. 209, p. 492 et seq., 72B West's Ann. Wat.  Appen. (1995 ed.) § 109-1 et seq.). It imports, stores, and distributes water to member water-agencies in Southern California. (Metropolitan W. Dist. v. Co. of Riverside (1943) 21 Cal.2d 640, 641, 134 P.2d 249.)
The Local is one of four separate employee bargaining units. The Local represents the MWD's general employees. Another unit, the Supervisors Association, represents the MWD's supervisory personnel. Each bargaining unit has its own MOU.

2. The Local's MOU.

The Local and the MWD entered into an MOU pursuant to the Meyers-Milias-Brown Act (Gov.Code, § 3500). The MOU is intended to be the full and entire understanding of the parties concerning personnel *289 practices and the terms and conditions of employment. (MOU § 1.6.1.)
Article 6 of the MOU contains a multi-step "Grievance and Appeal Procedure." After an informal meeting between the parties, the MOU establishes a two-level formal grievance process. (MOU § 6.3.5.) Level one is initiated by the filing of a written grievance within 30 days of the event giving rise to the grievance. (MOU § 6.3.5.) If unresolved, the grievance advances to level two, where it is addressed to higher level management.
Provided that the two-level formal grievance is pursued in a timely manner (MOU §§ 6.3.2.C & 6.7.1), an appeal procedure is available under section 6.7 of the MOU. Pursuant to MOU section 6.7.4, management's determination after a level two formal grievance may be appealed to a neutral hearing officer. The MOU declares the "decision of the Hearing Officer ... shall be final and binding on the parties." (MOU § 6.7.6.B.) The MOU next provides that the decision of the hearing officer can be appealed to a court pursuant to Code of Civil Procedure section 1094.5. (MOU § 6.7.6.C.)

3. The underlying dispute.

Commencing in 2000, the MWD underwent an internal reorganization and created new management positions. To fill these new posts, the MWD declared that certain current supervisory employees would be "incumbents" to particular manager slots, and would be placed in those positions without having to bid for the post. Other positions would be filled by competitive bidding from a pool of employees that included members of the Local. These posts were designated as "new" positions.
The MWD circulated a draft incumbent list in October 2000. Discussions were initiated with the Supervisors Association about necessary redesignations to the list because some members of that association were already performing the management jobs identified as "new" positions. Ultimately, 20 positions were redesignated from "new" to "incumbent." The MWD issued a revised incumbent list in November 2001. The Local requested a meeting to discuss its concerns about the MWD's changes to the incumbent list.
At the meeting, held on November 27, 2001, the MWD distributed the revised incumbent list. The Local's executive president, Robert A. Reeves, Sr., expressed the Local's view that the MWD was not entitled to modify the incumbent list without first meeting and conferring with the Local and other employee organizations that represented MWD employees. According to the Local, by changing the 20 designations, the MWD reduced job opportunities for the Local's membership. The MWD responded that the 20 positions at issue were not in the Local's bargaining unit; that they were already filled by members of the Supervisors Association. Hence, according to the MWD, it was not obligated to meet and confer with the Local before redesignating those positions.
On January 29, 2002, the Local conducted an informal meeting about modifications to the incumbent list with Debbie Dillon, the MWD's employee relations officer and human resources manager. The meeting was not successful. Eight days later, on February 6, 2002, the Local presented its written grievance.
In the MWD's response to the level-two grievance, Joe Tait, its chief operating officer, asserted the MWD was not obligated to meet and confer about changes to the incumbent list as the list pertained to non-Local employees. The MWD also explained that the grievance was untimely.
*290 The Local initiated the appeal procedure under section 6.7 of the MOU by requesting in writing the appointment of a hearing officer. The MWD refused to proceed to the appeal process on the ground that the Local had not filed a timely grievance. The MWD took the position that the informal discussions between the parties, under section 6 of the MOU, occurred on January 29, 2002, and the written grievance was filed on February 6, 2002; yet, the MWD had made no change to the incumbent list within 30 days preceding the filing of the written grievance.
The Local countered that it learned of the redesignations to the incumbent list at the January 29, 2002, meeting. Thus, the Local asserted, it had processed the grievance within the MOU's prescribed time limits. The Local also claimed that the MWD had waived its right to assert timeliness. Moreover, the Local argued, any question of timeliness must be presented to a neutral arbitrator.
The Local filed a petition to compel arbitration (Code Civ. Proc., § 1281.2) and a petition for writ of mandate (§ 1085). The trial court denied both petitions and then granted the MWD's application for cost-of-proof attorney fees and expenses in the amount of $26,983.50. (Id., § 2033, subd. (o).) The Local has appealed from all three orders. Additional facts will be presented in connection with the pertinent discussions.

CONTENTIONS
The Local contends that the trial court (1) erred in denying its petition to compel arbitration; (2) erred in denying its petition for writ of mandate; and (3) abused its discretion in granting the MWD's request for cost of proof fees.

DISCUSSION

I. The trial court did not err in denying the Local's petition to compel arbitration. (Code Civ. Proc., § 1281.2.)

a. Facts.

The Local filed its petition to compel arbitration (Code Civ. Proc., § 1281.2) seeking to compel the MWD to arbitrate the grievance.
The MWD opposed the motion to compel on the grounds that (1) section 6 of the MOU was not a contract to arbitrate, and (2) even if it were, the Local had failed to adhere to the time limit requirements of the grievance procedure outlined in section 6.7.
Without reaching the timeliness question, the court denied the petition to compel arbitration on the ground the MOU was not an agreement to arbitrate. The court entered judgment in December 2002 for the MWD. The Local filed its first appeal.

b. Standard of review.

Under Code of Civil Procedure section 1281.2, unless the petitioner has waived arbitration, grounds exist for revocation of the agreement, or a party to the arbitration agreement is also a party to a pending matter with a third party creating the possibility of conflicting rulings, the trial court "shall order" the parties to arbitrate the controversy "if it determines that an agreement to arbitrate the controversy exists." (Italics added; quoted in Amalgamated Transit Union Local 1277 v. Los Angeles County Metropolitan Transportation Authority (2003) 107 Cal.App.4th 673, 684, 132 Cal.Rptr.2d 207 (Amalgamated).)
"Unless the parties have clearly and unmistakably provided otherwise, the preliminary question of whether parties to *291 a collective bargaining agreement have agreed to arbitrate a particular dispute is decided by the court, not the arbitrator. [Citation.] Thus, the parties generally are not required to ""`arbitrate the arbitrability question.'"' [Citations.]" (Amalgamated, supra, 107 Cal.App.4th at p. 684, 132 Cal.Rptr.2d 207; Engineers Architects Assn. v. Community Development Dept. (1994) 30 Cal.App.4th 644, 652-653, 35 Cal.Rptr.2d 800.)
An order denying a petition to compel arbitration is appealable. (Code Civ. Proc., § 1294, subd. (a).)
Generally, "`"Whether an arbitration agreement applies to a controversy is a question of law to which the appellate court applies its independent judgment where no conflicting extrinsic evidence in aid of interpretation was introduced in the trial court." [¶] ... Where the trial court's decision on arbitrability is based upon resolution of disputed facts, we review the decision for substantial evidence. [Citation.]' [Citation.]" (Amalgamated, supra, 107 Cal.App.4th at p. 685, 132 Cal.Rptr.2d 207.) Although "`"[d]oubts as to whether an arbitration clause applies to a particular dispute are to be resolved in favor of sending the parties to arbitration"'" (id. at p. 684, 132 Cal.Rptr.2d 207), there exists no public policy favoring arbitration of disputes which the parties have not agreed to arbitrate. (Engineers Architects Assn. v. Community Development Dept., supra, 30 Cal.App.4th at p. 653, 35 Cal.Rptr.2d 800.)
Here, extrinsic evidence was submitted addressing the meaning of "final and binding" in the MOU's appeal procedure. The trial court reviewed this extrinsic evidence and made a finding. Therefore, although we may interpret the applicable provisions of the MOU independently, the trial court's determination of the disputed factual evidence is reviewed under the substantial evidence standard. (Amalgamated, supra, 107 Cal.App.4th at p. 685, 132 Cal.Rptr.2d 207; Engineers & Architects Assn. v. Community Development Dept., supra, 30 Cal.App.4th at p. 653, 35 Cal.Rptr.2d 800.)

c. The MOU's appeal procedure is not an arbitration agreement because it does not contain the "core component" of finality.

The MOU section 6.7 does not mention the words arbitration, arbitrate, or arbitrator. However, the absence of this terminology is not a determining factor in deciding whether the agreement is one for arbitration. (Cheng-Canindin v. Renaissance Hotel Associates (1996) 50 Cal.App.4th 676, 683-684, 57 Cal.Rptr.2d 867, quoting Painters Dist. Council No. 33 v. Moen (1982) 128 Cal.App.3d 1032, 1036, 181 Cal.Rptr. 17.) "`More important is the nature and intended effect of the proceeding.' [Citation.]" (Ibid.)
As we recently explained, "[a]rbitration is not defined in any statute. One appellate court surveyed the various definitions of arbitration and quoted from Blacks Law Dictionary that arbitration is `"[a] process of dispute resolution in which a neutral third party (arbitrator) renders a decision after a hearing at which both parties have an opportunity to be heard. Where arbitration is voluntary, the disputing parties select the arbitrator who has the power to render a binding decision." [Citation.]' [Citations.] ... `[A]lthough [an] arbitration can take many procedural forms, a dispute resolution procedure is not an arbitration unless there is [1] a third party decision maker, [2] a final and binding decision, and [3] a mechanism to assure a minimum level of impartiality with respect to the rendering of that decision.' [Citations.]" (Saeta v. Superior *292 Court (2004) 117 Cal.App.4th 261, 268, 11 Cal.Rptr.3d 610, quoting from Cheng-Canindin v. Renaissance Hotel Associates, supra, 50 Cal.App.4th at p. 684, 57 Cal.Rptr.2d 867.)
Here, the MOU's appeal procedure contains the first and third required elements.
As to the second factor, namely, a final and binding decision by the hearing officer, our Supreme Court instructs: "`Typically, those who enter into arbitration agreements expect that their dispute will be resolved without necessity for any contact with the courts.' [Citation.] ... `The very essence of the term "arbitration" [in this context] connotes a binding award.' [Citation.] ... `[T]he essence of the `arbitration process is that an arbitral award shall put the dispute to rest.' [Citation.] ... [¶] This expectation of finality strongly informs the parties' choice of an arbitral forum over a judicial one. The arbitrator's decision should be the end, not the beginning, of the dispute. [Citation.] Expanding the availability of judicial review of such decisions `would tend to deprive the parties to the arbitration agreement of the very advantages the process is intended to produce.' [Citations.] [¶] Ensuring arbitral finality thus requires that judicial intervention in the arbitration process be minimized. [Citations.] Because the decision to arbitrate grievances evinces the parties' intent to bypass the judicial system and thus avoid potential delays at the trial and appellate levels, arbitral finality is a core component of the parties' agreement to submit to arbitration. Thus, an arbitration decision is final and conclusive because the parties have agreed that it be so. By ensuring that an arbitrator's decision is final and binding, courts simply assure that the parties receive the benefit of their bargain." (Moncharsh v. Heily Blase (1992) 3 Cal.4th 1, 9-10, 10 Cal.Rptr.2d 183, 832 P.2d 899, fns. omitted, first two italics added, last italics in original.)
Here, the MOU's appeal procedure does not contain this second element of a final and binding decision by the hearing officer. The MOU's section 6.7.6 appeal procedure conflictingly states: "B. The decision of the Hearing Officer ... shall be final and binding on the parties. [¶] C. The decision of the Hearing Officer can be appealed pursuant to Code of Civil Procedure Section 1094.5." As would be expected, the Local cites to MOU section 6.7.6.B, while the MWD relies on MOU section 6.7.6.C.
A hearing officer's decision is not final and binding where it is reviewable by a trial court under Code of Civil Procedure section 1094.5. Specifically, arbitration awards are subject to very limited trial-court review (Code Civ. Proc., §§ 1286.2, subd. (a)  (1)(6) & 1286.6; see Moncharsh v. Heily & Blase, supra, 3 Cal.4th at pp. 12-13, 25, 10 Cal.Rptr.2d 183, 832 P.2d 899.) "Courts may not review either the merits of the controversy or the sufficiency of the evidence supporting the award. [Citation.]" (California Faculty Assn. v. Superior Court (1998) 63 Cal.App.4th 935, 943, 75 Cal.Rptr.2d 1.) "[W]ith limited exceptions, `... an arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties.' [Citation.]" (Id. at pp. 943-944, 75 Cal.Rptr.2d 1, quoting from Moncharsh, supra, 3 Cal.4th at p. 6, 10 Cal.Rptr.2d 183, 832 P.2d 899.) Even an error of law causing substantial injustice is not a ground for vacation or correction of an award. (Moncharsh, supra, at p. 14, 10 Cal.Rptr.2d 183, 832 P.2d 899.) This limited review of arbitration awards "vindicates the intentions of the parties that the award *293 be final." (Id. at p. 11, 10 Cal.Rptr.2d 183, 832 P.2d 899.)
By comparison, administrative decisions are open to somewhat more extensive trial court examination under Code of Civil Procedure section 1094.5. In resolving a petition for writ of mandamus, the trial court is authorized to (1) examine whether the decision-maker proceeded in excess of jurisdiction; (2) whether there was a fair trial; and (3) whether there was any prejudicial abuse of discretion because of a failure to proceed as required by law, the order or decision was not supported by the findings, or the findings were not supported by the evidence. The court is also authorized to consider the weight of the evidence. (§ 1094.5, subds.(b) & (c).) Given section 6.7.6 of the MOU allows for review in the judicial system under section 1094.5, the clear intended effect (Cheng-Canindin, supra, 50 Cal.App.4th at p. 684, 57 Cal.Rptr.2d 867) of the MOU's appeal proceeding is that the hearing officer's decision would only be final and binding when the trial court review has not been triggered by the filing of a writ of administrative mandamus. Such an interpretation harmonizes the two seemingly conflicting provisions of the MOU's section 6.7.6. A construction of the MOU that would make the hearing officer's decision final would ignore the MOU's subsequent provision allowing for the trial court's review of findings and of the merits of the proceeding.
The extrinsic evidence presented to the trial court in aid of interpreting the MOU supports our interpretation. Henry Torres, Jr., the MWD's deputy general counsel, declared that during his tenure at the MWD, the Local "always maintain[ed] the goal of obtaining binding arbitration and, consequently Local 1902 persistently submitted proposals to achieve that goal. Similarly ... Metropolitan's management has resisted conceding to binding arbitration, and has steadfastly refused to reach agreement on any appeal language providing binding arbitration. In particular, management has insisted on not waiving appeal rights to judicially challenge any decision reached through the MOU appeal procedure." In his supplemental declaration, Torres stated that he personally represented the MWD in two trial court proceedings involving Local employees in which the MWD successfully defended against petitions to compel arbitration concerning the same hearing-officer appeal language at issue here. Although the Local's declaration is in direct contradiction to Torres' statements, the trial court apparently believed Torres. Therefore, Torres' declarations provide substantial evidence to support the trial court's conclusion that the MOU's appeal procedure was not intended to be final, but appealable to the courts via Code of Civil Procedure section 1094.5.
For these reasons, the MOU's section 6.7 is not an agreement to arbitrate. The trial court did not err in denying the petition to compel arbitration.

II. The trial court did not err in denying the Local's petition for writ of mandate. (Code Civ. Proc., § 1085.)

a. Facts.

After the trial court denied the MOU's petition to compel arbitration, the Local filed its petition for writ of mandate pursuant to Code of Civil Procedure section 1085,[1] seeking to compel the MWD "to *294 select a hearing officer and to conduct a hearing on the Grievance pursuant to Section 6.7 of the MOU."[2]
In its answer to the mandate petition, the MWD raised the affirmative defenses of the untimeliness of the grievance, laches, and the fact that the Local was collaterally estopped to seek arbitration because the petition to compel arbitration was pending in a separate proceeding. The MWD also argued that the Local did not have a beneficial interest in the posts on the incumbent list because they were managerial positions filled by members of the Supervisors Association.
The trial court denied the writ petition. In doing so, it found that (1) the Local did not meet its legal burden of pleading and proving entitlement to the writ; (2) the Local lacked standing to bring the petition because it had no beneficial interest in the positions or employees upon which the underlying grievance was based; (3) the MOU did not pertain to incumbent redesignations; (4) the grievance was not timely filed and was therefore barred by the MOU's mandatory provisions; and (5) the grievance was barred by the doctrine of laches. The Local filed its second appeal.

b. Standard of review.

"A traditional writ of mandate under Code of Civil Procedure section 1085 is a method for compelling a public entity to perform a legal and usually ministerial duty. [Citation.] The trial court reviews an administrative action pursuant to Code of Civil Procedure section 1085 to determine whether the agency's action was arbitrary, capricious, or entirely lacking in evidentiary support, contrary to established public policy, unlawful, procedurally unfair, or whether the agency failed to follow the procedure and give the notices the law requires. [Citations.] `Although mandate will not lie to control a public agency's discretion, that is to say, force the exercise of discretion in a particular manner, it will lie to correct abuses of discretion. [Citation.] In determining whether an agency has abused its discretion, the court may not substitute its judgment for that of the agency, and if reasonable minds may disagree as to the wisdom of the agency's action, its determination must be upheld. [Citation.]' [Citation.]" (Klajic v. Castaic Lake Water Agency (2001) 90 Cal.App.4th 987, 995, 109 Cal.Rptr.2d 454, fn. omitted.)
"`In reviewing a trial court's judgment on a petition for writ of ordinary mandate, we apply the substantial evidence test to the trial courts factual findings.' [Citation.] Thus, foundational matters of fact are conclusive on appeal if supported by substantial evidence. [Citation.]" (Klajic v. Castaic Lake Water Agency, supra, 90 Cal.App.4th at pp. 995-996, 109 Cal.Rptr.2d 454.)

c. The Local did not demonstrate its entitlement to the writ.

Among the reasons the trial court gave for denying the Local's writ petition, was that the Local had failed to prove entitlement to the requested writ. The court ruled that the grievance was untimely filed with the result the grievance appeal was barred by the mandatory provisions *295 of the MOU.[3]
There are two basic requirements for a traditional writ of mandate to issue: "`(1) a clear, present and usually ministerial duty on the part of the respondent ...; and (2) a clear, present and beneficial right in the petitioner to the performance of that duty....' [Citations.]" (Santa Clara County Counsel Attys. Assn. v. Woodside (1994) 7 Cal.4th 525, 539-540, 28 Cal.Rptr.2d 617, 869 P.2d 1142; Catalina Investments, Inc. v. Jones (2002) 98 Cal.App.4th 1, 6, 119 Cal.Rptr.2d 256.)
Here, the Local has failed to carry its burden as petitioner under Code of Civil Procedure section 1085 to prove its "right ... to the performance of" an MWD duty under the MOU. The Local cannot make this showing of a right to the appeal procedure under section 6.7 of the MOU because, as the trial court found, the Local's grievance was untimely filed.
The time limits under the MOU are mandatory. An appeal under section 6.7 of the MOU may only be brought if the grievants "have first met the requirements of Section 6.3  Grievance Procedure...." (MOU § 6.7.1.) Section 6.3 states clearly that "If a grievant fails to appeal from one level to the next level within the time limits established in this grievance procedure, the grievance shall be considered settled on the basis of the last response by management and the grievance shall not be subject to further appeal." (MOU § 6.3.2.C, italics added.)
The time limits are established in section 6.3.5 of the MOU: the grievant, the Local here, must file the level-one written grievance "within thirty (30) days from the event giving rise to the grievance or from the date the grievant could reasonably have been expected to have had knowledge of such event." The Local has admitted that these MOU provisions govern the grievance proceedings at issue here.
The event giving rise to the grievance was the MWD's incumbent redesignations. According to the evidence submitted by the MWD in opposition to the petition for writ of mandate, the last revised incumbent list was prepared and disseminated on November 27, 2001. This list was given to the Local on that same date during the meeting held with the Local. Therefore, the MWD asserts, November 27, 2001, was the date triggering the 30-day time period of MOU section 6.3.5, and any written grievance had to be filed within 30 days, or by December 27, 2001.
However, the Local's written grievance was not filed then. The informal meeting under MOU section 6.3.4 occurred on January 29, 2002. The level-one written grievance is dated February 6, 2002, even later than that. The MWD stated, in response to the Local's level-two filing, that it viewed the grievance as being untimely. Therefore, according to the MOU, the grievance was considered settled on the basis of the MWD's last response, and could not be subject to further appeal. (MOU § 6.3.2.C.) Having failed to "first [meet] the requirements of Section 6.3  Grievance Procedure...." the Local had no right to the appeal procedure of the MOU's section 6.7 that it sought to enforce in its petition for writ of mandate. (MOU § 6.7.1.)
To create a dispute, the Local contends January 9, 2002, is the date it learned of the event giving rise to the grievance. (MOU § 6.3.2.C.) The Local cites its letter from that day complaining *296 about the unilateral changes to the incumbent list. The letter asks the MWD whether it had agreed to modify the incumbent list. Yet, that letter indicates that the Local knew before January 9, 2002, of the incumbent-list revisions. The text of the letter supports the trial courts implicit conclusion that the Local used the letter to alter the date from which the 30-day period commenced, with the result the letter did not overcome the MWD's evidence to the contrary. Although the evidence is conflicting, substantial evidence supports the trial court's finding that the grievance was not timely brought. (Klajic v. Castaic Lake Water Agency, supra, 90 Cal.App.4th at pp. 995-996, 109 Cal.Rptr.2d 454.)
Therefore, because the Local failed to meet the MOU's time requirements it lost the right to the appeal procedure under MOU section 6.7, and hence could not demonstrate to the trial court, pursuant to Code of Civil Procedure section 1085, its clear, present, and beneficial right to the MWD's performance of that procedure. (Santa Clara County Counsel Attys. Assn. v. Woodside, supra, 7 Cal.4th at pp. 539-540, 28 Cal.Rptr.2d 617, 869 P.2d 1142; Catalina Investments, Inc. v. Jones, supra, 98 Cal.App.4th at p. 6, 119 Cal.Rptr.2d 256.)
Contrary to the Local's assertion, the trial court did hold an evidentiary hearing into the question of whether the grievance was timely filed. The hearing was based on the declarations and other documents filed by the parties. "In a law and motion, writ of mandate hearing, the trial court has broad discretion to decide a case on the basis of declarations and other documents rather than live, oral testimony. [Citations.]" (California School Employees Assn. v. Del Norte County Unified Sch. Dist. (1992) 2 Cal.App.4th 1396, 1405, 4 Cal.Rptr.2d 35, citing Cal. Rules of Court, rule 323.) The facts were thoroughly presented by the declarations, exhibits, and other evidence presented by the parties.[4]
The Local argues that the MWD's timeliness defense should have been decided by the hearing officer during the appeal procedure and not by the trial court. The Local cites Napa Association of Public Employees v. County of Napa (1979) 98 Cal.App.3d 263, 159 Cal.Rptr. 522 (Napa), criticized in Platt Pacific, Inc. v. Andelson (1993) 6 Cal.4th 307, 317, 24 Cal.Rptr.2d 597, 862 P.2d 158), for the proposition that the hearing officer determines gateway issues of timeliness.[5] In Napa, the employees' *297 union local's memorandum of understanding contained a grievance procedure similar to the MOU here, except that in Napa, the procedure "culminat[ed] in binding arbitration." (Napa, supra, at p. 266, 159 Cal.Rptr. 522.) After its grievance was rejected as untimely filed, the union sought to compel arbitration under Code of Civil Procedure section 1281.2. That statute requires the court to order arbitration unless it "determines that: [¶] (a) The right to compel arbitration has been waived by the petitioner...." (Ibid., italics added.) Napa held that "the mere assertion of a party's failure to file a grievance within the time specified in the agreement, in the absence of ... proof of intentional abandonment of the right to arbitrate or substantial prejudice resulting from the delay, is not of itself sufficient to raise a question of `waiver' within the meaning of [Code of Civil Procedure section 1281.2] and that the trial court therefore erred in finding waiver as a matter of law." (Id. at p. 271, 159 Cal.Rptr. 522, italics added.)
Napa is distinguished for the essential reason that, in contrast to Napa, this case does not involve arbitration. Whether the right to arbitrate is waived under Code of Civil Procedure section 1281.2 involves entirely different considerations than those at issue under Code of Civil Procedure section 1085. Napa considered whether the failure to timely file a grievance affected a waiver of the contractual right to binding arbitration (§ 1281.2, subd. (a)), whereas the court here was charged with determining whether the Local carried its burden to demonstrate a clear and present right to performance of a duty by the MWD. (Santa Clara County Counsel Attys. Assn. v. Woodside, supra, 7 Cal.4th at pp. 539-540, 28 Cal.Rptr.2d 617, 869 P.2d 1142.) This question in turn required a determination whether there existed anything under the MOU that the MWD could perform. As already demonstrated, the MOU is not an agreement to arbitrate, and so waiver of a right to arbitrate under section 1281.2 is irrelevant.
Toward that end, Platt Pacific, Inc. v. Andelson, supra, 6 Cal.4th 307, 24 Cal.Rptr.2d 597, 862 P.2d 158, is instructive. In Platt, the parties agreed that a demand for arbitration was to be made within a certain timeframe. Platt deemed the demand a condition precedent to be performed before the contractual duty to submit the dispute to arbitration arose. (Id. at pp. 313-314, 24 Cal.Rptr.2d 597, 862 P.2d 158.) "Under the law of contracts, parties may expressly agree that a right or duty is conditional upon the occurrence or nonoccurrence of an act or event. [Citations.] Thus, a condition precedent is either an act of a party that must be performed or an uncertain event that must happen before the contractual right accrues or the contractual duty arises. [Citations.]" (Id. at p. 313, 24 Cal.Rptr.2d 597, 862 P.2d 158.)
Likewise here, a condition precedent to the contractual right to the grievance appeal procedure under the MOU never occurred. By virtue of the Local's untimely filing, its grievance had become final (MOU §§ 6.3.2.C 6.7.1; Platt Pacific, Inc. v. Andelson, supra, 6 Cal.4th at pp. 313-314, 24 Cal.Rptr.2d 597, 862 P.2d 158) and never progressed to the appeal phase where a hearing officer's determination of timeliness could have been made. The MWD was not obligated to perform under section 6.7 of the MOU. This court will not order the idle act (Civ.Code, § 3532) of directing the MWD to engage in a grievance appeal when it would have no clear and present duty to do so. (Santa Clara County Counsel Attys. Assn. v. Woodside, *298 supra, 7 Cal.4th at pp. 539-540, 28 Cal.Rptr.2d 617, 869 P.2d 1142.)
We are aware of cases standing for the proposition that timeliness and waiver are issues for the arbitrator to decide. (See e.g., Kennedy, Cabot Co. v. National Assn. of Securities Dealers, Inc. (1996) 41 Cal.App.4th 1167, 1178, 49 Cal.Rptr.2d 66; Boys Club of San Fernando Valley, Inc. v. Fidelity Deposit Co. (1992) 6 Cal.App.4th 1266, 1276, 8 Cal.Rptr.2d 587; Napa, supra, 98 Cal.App.3d at p. 271, 159 Cal.Rptr. 522.)[6] These cases are inapposite as they involve petitions to compel arbitration along with the public policy favoring arbitration and not petitions for a writ of mandate where there is no agreement to arbitrate. Because the MOU's grievance procedure does not culminate in arbitration, the same public policy does not apply to justify sending the question of timeliness to a hearing officer.
There was no error in denying the petition for writ of mandate.

III. The trial court did not abuse its discretion in granting the MWD's motion for cost-of-proof attorney fees and expenses. (Code Civ. Proc., § 2033, subd. (o).)

a. The facts.

The MWD propounded a set of 15 requests for admission. The Local responded to six of the requests by objecting to the request, then admitting portions, and otherwise denying each request. With respect to three more requests, the Local responded by objecting to and then flatly denying the request.
After prevailing on the Local's petition for writ of mandate, the MWD filed its application for cost-of-proof attorney fees and expenses, seeking an award of $26,983.50. (Code Civ. Proc., § 2033, subd. (o).)[7] The MWD alleged that the Local had falsely and deceptively denied nine of the MWD's 15 requests for admission about (1) the MOU's internal deadlines and (2) when the Local knew about the changes to the incumbent list. These facts related directly to the central issue of whether the Local was entitled to the grievance appeal hearing it sought in its petition for writ of mandate. The MWD argued that the Local's unreasonable denial of these facts forced it to prove their truth.
In opposing the motion, the Local argued, inter alia, that the MWD waived its right to fees by failing to move to compel responses. (Code Civ. Proc., § 2033, subds. (l) (o).)
The court found that the Local had denied most of the admission requests, all of which "were substantially important to the issues of this case." It found the Local had no reasonable grounds to deny these requests and the MWD thereafter proved the truth of the matters contained therein. The court also found that no objection to the requests was sustained nor was any response waived. The fee award was for all of the money requested. The Local's appeal ensued.

b. The law.

Subdivision (o) of Code of Civil Procedure section 2033 states in relevant part,
*299 "If a party fails to admit the ... truth of any matter when requested to do so under this section, and if the party requesting that admission thereafter proves ... the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees." The trial court must order fees unless it finds that one of the four listed grounds for denial apply. (Ibid.)
"`The primary purpose of requests for admissions is to set at rest triable issues so that they will not have to be tried; they are aimed at expediting trial. [Citation.] The basis for imposing sanctions ... is directly related to that purpose. Unlike other discovery sanctions, an award of expenses ... is not a penalty. Instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission ... [citations] such that trial would have been expedited or shortened if the request had been admitted.' [Citations.]" (Stull v. Sparrow (2001) 92 Cal.App.4th 860, 865, 112 Cal.Rptr.2d 239.)
"`The determination of whether a party is entitled to expenses under [Code of Civil Procedure] section 2033, subdivision (o) is within the sound discretion of the trial court.' [Citation.] (Stull v. Sparrow, supra, 92 Cal.App.4th at p. 864, 112 Cal.Rptr.2d 239.)

c. The trial court did not abuse its discretion in awarding the fees.

Reviewing the record, it shows, in response to each of the nine requests for admission at issue, that the Local lodged objections and then unequivocally and flatly answered the entirety of the requests by providing an admission and/or a denial. For example, the MWD's request for admission number 8 asked, "Admit that the same 10/20/00 memo, referred to in the immediately preceding request for admission, had an attachment that identified which employees will be appointed into new management positions, a list of those management positions that will be filled using a competitive process, and that this attachment became known as the `New/Incumbent List.'" The Local responded that it "objects to this request on the ground that it seeks information beyond the scope of discovery and that the document speaks for itself. Without waiving these objections, Local 1902 admits that the October 20, 2000 memo included an attachment which became known as `New/Incumbent List.' Except as specifically admitted, Local 1902 responds as follows: Deny." Likewise, request for admission number 14 stated: "Admit that Grievance No. 0202G003 was filed more than thirty days after the event giving rise to the grievance and from the date Local 1902 had knowledge of such event." The Local responded that it "objects to this request on the ground that it seeks information beyond the scope of discovery and it is compound. Without waiving these objections, Local 1902 responds as follows: Deny." Thus, apart from the portions admitted, the Local denied each and every one of the nine requests at issue. Those denials forced the MWD to prove the truth of the requested matters. The Local made no persuasive showing that the requested fees were unreasonable. Therefore, the MWD is entitled to recover its cost-of-proof expenses under Code of Civil Procedure section 2033, subdivision (o).
The Local focuses on its objections in the nine responses at issue. It argues that the MWD waived its right to cost-of-proof fees and expenses because it did not move to compel further responses *300 to those nine requests (Code Civ. Proc., § 2033, subd. (l)), with the result that the trial court abused its discretion in finding no waiver.
Under Code of Civil Procedure section 2033, subdivision (o), the court must award fees "unless it finds that (1) an objection to the request was sustained or a response to it was waived under subdivision (l)...." In turn, subdivision (l) of that section provides that if the requesting party deems an objection to a request to be without merit or too general, it may move for an order compelling a further response. However, unless a motion to compel is brought, the requesting party waives any right to compel further response to the requests for admission.[8] (§ 2033, subd. (1), par. 2.)
The MWD did not waive its right to cost-of-proof expenses. Section 2033 of the Code of Civil Procedure also requires that each response to a request for admission "shall answer the substance of the requested admission, or set forth an objection to the particular request." (§ 2033, subd. (f), italics added.) "If only a part of a request for admission is objectionable, the remainder of the request shall be answered." (§ 2033, subd. (f)(2), italics added.) It has been said that a denial of all or portion of the request must be unequivocal. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2004) ¶ 8:1332.1, p. 8G-16.)
Here, the Local did not simply object to the nine requests or answer only part of those requests. As noted, after posing objections, the Local responded by admitting in part and/or denying the entire request, and so no response was needed. That is, the answers addressed the requests in their entirety, leaving no aspect of the requests for admission unresolved and nothing to be addressed by the trial court in a motion to compel further responses. This is so, despite the Local's boilerplate statement "[w]ithout waiving these objections," because the Local then went on to flatly "Deny" each request at issue. The MWD properly construed such responses as unequivocal denials and expended time and effort proving the truth of the matters to the trial court.
The Local cites Wimberly v. Derby Cycle Corp. (1997) 56 Cal.App.4th 618, 65 Cal.Rptr.2d 532 in support of its contention that the MWD waived its right to fees by failing to move to compel further responses. In a products liability action, the plaintiff filed requests seeking the defendant's admissions that (1) the product was defectively manufactured, (2) the defect proximately caused the plaintiff's injuries, and that (3) the plaintiff's past and future medical expenses were reasonable and necessary. (Id. at p. 635, 65 Cal.Rptr.2d 532.) Concerning future medical care, the defendant initially unequivocally denied the request for admission (ibid.) and then amended its answer to object to the request as vague and ambiguous as to what *301 the plaintiff claimed and the extent of the care the plaintiff sought; but to the extent it could respond, the defendant denied that the care was reasonable and necessary. (Id. at p. 636, 65 Cal.Rptr.2d 532.) The appellate court held, with respect to the plaintiff's cost-of-proof fees, that he was "not entitled to costs associated with the medical care issue[] because he made no motion to compel a further response after [the defendant] objected to the request for admission." (Ibid., citing Code Civ. Proc., § 2033, subd. (l).) Wimberly is distinguished.
The defendant's response to the request for admission in Wimberly was a total objection coupled with a partial denial, leaving the remainder of the request for admission unanswered. Therefore, the objection could have been ruled on by the trial court in response to a motion to compel. By contrast, here after objecting to the entire request for admission, the Local's admissions and/or denials provided complete responses to the requests, thus leaving nothing to address in a motion to compel.
Under the deferential abuse-of-discretion review, we have no authority to substitute our own decision for that of the trial court. (Walker v. Superior Court (1991) 53 Cal.3d 257, 272, 279 Cal.Rptr. 576, 807 P.2d 418.) Our inquiry is limited to determining whether the trial court's decision exceeds the bounds of reason. (Stull v. Sparrow, supra, 92 Cal.App.4th at p. 864, 112 Cal.Rptr.2d 239.) Because the Local's responses left no aspect of these nine requests for admissions unresolved, no motion to compel further responses was necessary. Under the circumstances here, we conclude the trial court did not abuse its discretion in ruling that the MWD did not waive its right to cost-of-proof fees under Code of Civil Procedure section 2033, subdivisions (l) and (o).[9] The MWDs entitled to fees on appeal. (Akins v. Enterprise Rent-A-Car Co. (2000) 79 Cal.App.4th 1127, 1134, 94 Cal.Rptr.2d 448.)

DISPOSITION
The orders that denied the petition to compel arbitration (Code Civ. Proc., § 1281.2), and denied the petition for writ of mandate (§ 1085), and that awarded cost-of-proof fees (§ 2033, subd. (o)) are affirmed. The MWD is awarded costs of appeal.
We concur: CROSKEY, Acting P.J., and KITCHING, J.
NOTES
[1] Code of Civil Procedure section 1085 states in relevant part: "(a) A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by such inferior tribunal, corporation, board, or person."
[2] The proceeding under Code of Civil Procedure section 1281.2 was declared a related case.
[3] Because the issue of entitlement to the requested relief based on the timing of the grievance filing is dispositive, we need not address the other reasons the court gave for denying the writ petition.
[4] The Local also argues that the MWD did not meet its burden of proving the affirmative defense of timeliness in the trial court because it did no more than create a dispute of fact. Apart from the fact it is manifestly the Local, as petitioner, to plead and prove its entitlement to a writ (Santa Clara County Counsel Attys. Assn. v. Woodside, supra, 7 Cal.4th at pp. 539-540, 28 Cal.Rptr.2d 617, 869 P.2d 1142), the Local provided no citation in support of this contention. Hence, appellate review of this issue is waived. (Snapp Associates Ins. Services, Inc. v. Robertson (2002) 96 Cal.App.4th 884, 889, fn. 1, 117 Cal.Rptr.2d 331.)
[5] The Local begins its argument by asserting that it is a "well-established labor law rule that `[o]nce it is determined ... that the parties are obligated to submit the subject matter of a dispute to arbitration, "procedural" questions ... should be left to the arbitrator.'" The Local cites John Wiley & Sons, Inc. v. Livingston (1964) 376 U.S. 543, 557, 84 S.Ct. 909, 11 L.Ed.2d 898, which rule, the Local declares, was adopted in California by Napa. Actually, all that Napa does is to note the Wiley rule in connection with federal labor arbitration cases, and then to observe that Napa, like this case, involves a governmental employer excluded from coverage under the National Labor Relations Act, and that "however, it is state law, and specifically section 1281.2 of the California arbitration statute which governs...." (Napa, supra, 98 Cal.App.3d at p. 268, 159 Cal.Rptr. 522, italics added.) Also, Posner v. Grunwald-Marx, Inc. (1961) 56 Cal.2d 169, 14 Cal.Rptr. 297, 363 P.2d 313, cited by the Local, is irrelevant as it does not involve the questions at issue here.
[6] Omar v. Ralphs Grocery Co. (2004) 118 Cal.App.4th 955, 13 Cal.Rptr.3d 562 held, if the trial court found an enforceable arbitration agreement, that the arbitrator would decide the question of waiver. (Id. at p. 961, 13 Cal.Rptr.3d 562.) Here, however, there is no agreement to arbitrate.
[7] Code of Civil Procedure section 2033 has been repealed with similar provisions added, operative July 1, 2005. (Stats.2004, ch. 182, §§ 22 & 23.)
[8] Code of Civil Procedure, section 2033 subdivision (l) provides in relevant part: "If the party requesting admissions, on receipt of a response to the requests, deems that (1) an answer to a particular request is evasive or incomplete, or (2) an objection to a particular request is without merit or too general, that party may move for an order compelling a further response. The motion shall be accompanied by a declaration stating facts showing a reasonable and good faith attempt at an informal resolution of each issue presented by the motion. [¶] Unless notice of this motion is given within 45 days of the service of the response, or any supplemental response, or any specific later date to which the requesting party and the responding party have agreed in writing, the requesting party waives any right to compel further response to the requests for admission." (See fn. 7, ante.)
[9] The Local also contends that all of the remaining exceptions listed in Code of Civil Procedure section 2033, subdivision (o) applied to deny the MWD its fees. The trial court rejected each proffered exception and found that the cost-of-proof expenses were reasonable and appropriate. The trial court did not abuse its discretion.