[No. B001142. Second Dist., Div. One. Dec. 19, 1984.]

DEPARTMENT OF HEALTH SERVICES OF LOS ANGELES
COUNTY, Plaintiff and Respondent, v.
RICHARD KENNEDY et al., Defendants and Appellants.

RICHARD KENNEDY et al., Plaintiffs and Appellants, v.
CIVIL SERVICE COMMISSION OF LOS ANGELES COUNTY et al.,
Defendants and Respondents.

[Opinion certified for partial publication.*]

---

*See footnote, *post,* page 801.

**COUNSEL**

Herbert E. Selwyn for Defendants and Appellants and Plaintiffs and Appellants.

Jeffrey M. Hausman and Lawrence G. Kepiro for Plaintiff and Respondent and Defendants and Respondents.

## OPINION

**SPENCER, P. J.—**

### INTRODUCTION*

Appellants appeal from judgments on consolidated petitions for peremptory writs of administrative mandamus.[1] The trial court granted the petition of respondent County of Los Angeles, Department of Health Services (Department) and ordered the Civil Service Commission of the County of Los Angeles (Commission) to reconsider the appropriate penalty to be imposed upon appellants; the court denied appellants' petition.

. . . . . . . . . . . . . . . . . . . . . . . . . .*

### I

██ Appellants seek to nullify the effect of the Commission's reexamination of the penalty imposed upon them by contending the Department lacks standing to bring a petition for administrative mandate directed at the Commission. We cannot agree.

The one essential prerequisite to initiating a mandamus proceeding is "that the petitioner be a party 'beneficially interested.'" (*Bodinson Mfg.*

---

*This opinion is certified for partial publication. (Cal. Rules of Court, rule 976.1.) The portions so certified include the introduction and part I of the discussion.

[1]California Rules of Court, rule 2(a) provides that notice of appeal must be filed within the earliest of (1) 60 days after the date of mailing notice of entry of the judgment by the clerk, (2) 60 days after the date of service of written notice of judgment by any party upon a party filing the appeal, or (3) 180 days after the date of entry of the judgment.

Respondents admit they "did not serve a notice of entry of judgment, but only served the judgment form." In addition, the record lacks notice of entry of judgment. In the absence of such notice, appellants were entitled to file notice of appeal within 60 days after the date of service of the written notice of entry of the judgment by respondent or within 180 days after entry of the judgment.

The judgment was filed on *July* 29, 1982. Proof of service of the judgment, however, appears to have been dated incorrectly, for it is dated *June* 30, 1982. If we assume that service was mailed *July* 30, one day after judgment was filed, the appeal was filed 61 days after service of written notice of entry of the judgment and is therefore untimely.

If we assume that the proof of service contains a mistake as to the month, however, we must also assume that the numerical date might also be erroneous. Had proof of service indicated that written notice of the judgment had been served on July 31, the notice of appeal would have been filed within 60 days and would therefore have been filed timely.

In the absence of knowledge of the exact date upon which the judgment was served, we apply the 180-day limit provided by rule 2. Inasmuch as the notice of appeal in the instant case was filed well within 180 days after the date of entry of the judgment, we will treat the appeal as having been timely filed.

*Co.* v. *California E. Com.* (1941) 17 Cal.2d 321, 330 [109 P.2d 935].) Accordingly, " 'where a party has a beneficial interest in the subject matter of the proceedings and a right to appear, and has appeared before the administrative agency he properly may institute proceedings for review by mandamus. [Citation.]' " (*County of L. A.* v. *Tax Appeals Bd. No. 2* (1968) 267 Cal.App.2d 830, 834 [73 Cal.Rptr. 469]; quoting *Employees Service Assn.* v. *Grady* (1966) 243 Cal.App.2d 817, 826-827 [52 Cal.Rptr. 831].) The Department not only had a right to appear at the Commission hearing given appellants, but was required to appear. Hence, unless as appellants argue, the Department's status as an arm of county government poses an insuperable barrier, the Department clearly was entitled to institute the instant proceeding.

The courts long have drawn a distinction between the county as a corporate entity and the autonomy of various elements of a county's governmental structure. For example, the board of supervisors has been recognized as an autonomous legislative body entitled in its own right to join the county in a mandamus proceeding against a county officer, the assessor. (*County of Sacramento* v. *Hickman* (1967) 66 Cal.2d 841, 846, fn. 3 [59 Cal.Rptr. 609, 428 P.2d 593].) Similarly, the right of the board of supervisors alone to proceed against a county officer, the auditor and assessor, was recognized in *Board of Supervisors* v. *Archer* (1971) 18 Cal.App.3d 717, 720-721 [96 Cal.Rptr. 379]. The same principle has been applied to bodies created by county ordinance which exercise a quasi-judicial function. (*County of L. A.* v. *Tax Appeals Bd. No. 2, supra,* 267 Cal.App.2d 830, 834: ". . . following the establishment of Tax Appeals Boards, sitting as quasi-judicial bodies over disputes . . ., the county may petition for judicial review. . . .")

 The foregoing conclusions are logical, in that a writ of mandate issues against ministerial officers of a government entity who are responsible for administrative steps through which the performance of the act sought is effected—not against the entity itself. (*Tevis* v. *City & County of San Francisco* (1954) 43 Cal.2d 190, 198 [272 P.2d 757]; *Martin* v. *County of Contra Costa* (1970) 8 Cal.App.3d 856, 866 [87 Cal.Rptr. 886].) The Los Angeles County Civil Service Commission is a charter agency exercising quasi-judicial powers delegated by the county charter. (Charter, art. IX, § 34, subd. (13).) Therefore, it has the same autonomous stature, distinct from the county's corporate identity, recognized in *County of L. A.* v. *Tax Appeals Bd. No. 2, supra,* 267 Cal.App.2d 830. Given the Commission's autonomous nature and the Department's beneficial interest in the Commission's actions, there is no barrier to the Department initiating a mandamus proceeding, as an executive arm of the corporate county, against the Commission.

. . . . . . . . . . . . . . . . . . . . . . . . . .*

The judgments are affirmed.

Hanson (Thaxton), J., and Dalsimer, J., concurred.

---

*See footnote, *ante,* page 801.