[No. B208003. Second Dist., Div. Three. Apr. 16, 2009.]

MASSIE MUNROE, Plaintiff and Respondent, v.
LOS ANGELES COUNTY CIVIL SERVICE COMMISSION, Defendant
and Respondent;
LOS ANGELES COUNTY DEPARTMENT OF PUBLIC WORKS, Real
Party in Interest and Appellant.

COUNSEL

Gutierrez, Preciado & House and Calvin House for Real Party in Interest and Appellant.

Law Offices of Nejadpour & Associates, Evelyn J. Abasi and F. Bari Nejadpour for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

OPINION

**ALDRICH, J.—**

### INTRODUCTION

When the Los Angeles County Department of Public Works (the DPW) discharged Massie Munroe from her job, it notified her of the 15-day window in which to seek an appeal hearing with the Los Angeles County Civil Service Commission (the Commission). Munroe did not notify the Commission for more than 60 days, and so the Commission denied her appeal as untimely. The trial court granted Munroe's petition for writ of mandate and directed the Commission to accept her late appeal. The court reasoned that the Commission abused its discretion in failing to deem Munroe's request for appeal as good cause for an extension of time to appeal. The DPW appeals. We reverse the judgment granting the writ petition.

### FACTUAL AND PROCEDURAL BACKGROUND

After holding a *Skelly* hearing,[1] the DPW discharged Munroe from her position as an associate civil engineer for her "threatening and intimidating statements about 'guns' and 'shooting' people in the workplace. [¶] . . . disruptive behavior [¶] . . . failure to comply with supervisory instructions." The County of Los Angeles has a "Zero Tolerance Policy" for acts of violence or threats in the workplace.

The DPW's notice of discharge informed Munroe that she had the "right to appeal the action and request a hearing before the Civil Service Commission."

---

[1] *Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774].

The notice also informed Munroe that her request "must be sent within fifteen (15) business days . . . from the date on which this letter was mailed or given to you to the Civil Service Commission, 222 North Grand Avenue, Los Angeles, California 90012" with a copy sent to Donald L. Wolfe, Director of Public Works. The DPW personally served the notice of discharge on Munroe at her *Skelly* hearing on November 9, 2006. Munroe's attorney, F. Bari Nejadpour, signed for its receipt. Munroe had until December 4, 2006, to request an appeal hearing.

On January 29, 2007, 53 days later, Munroe, through her attorney, sent a letter to the Commission, purportedly enclosing a copy of a request for an appeal hearing, and faxed a copy to the Commission on January 31, 2007.

On March 12, 2007, Nejadpour sent a second letter to the Commission. Therein, Nejadpour explained that Munroe construed her termination as wrongful and sought redress from the Commission. The termination decision, the letter averred, was not based on scientific, medical, or psychological facts, criminal misconduct, insubordination, or lack of cooperation. Nejadpour explained that he had originally mailed the request for appeal hearing to Nohemi G. Ferguson, the outside counsel who had represented the DPW during Munroe's *Skelly* hearing. Ferguson never notified Nejadpour that the DPW rejected Munroe's appeal or that Ferguson did not represent the Commission. "It simply appeared that since . . . Ferguson represented the LACDPW then she should be the one that would receive the notice of appeal regarding my client's wrongful termination. Such timely notice was given to her." Nejadpour also explicated that the "alleged delay in forwarding the Notice of Appeal was caused by . . . Ferguson's appearance to defend the legal rights of LACDPW and this office does not believe that such Mis-delivery has or could have prejudiced the commission in deciding on this matter." Nejadpour "kindly and respectfully request[ed] that the Commission . . . consider this appeal even though it may appear to be untimely since the rights of my client are of significant value and compelling enough so that the Commission would exercise its discretion on this matter."

On March 13, 2007, the chief of commission services at the Commission served a notice of civil service commission agenda item on Nejadpour and Munroe. The notice informed Munroe that her matter would be considered at the Commission's meeting of April 11, 2007, and that her presence was not required, although should she appear, she would be entitled to present her case. While Nejadpour denies having received this notice, a proof of service was attached to it, and the trial court found that notice had been given.

Neither Munroe nor Nejadpour appeared at the April 11, 2007, Commission hearing.

The Commission denied Munroe's appeal request "based on untimely filing of the appeal. (The decision in this matter was based on written materials submitted. No one appeared for the Appellant.)"

Munroe then filed a petition for writ of administrative mandate seeking to direct the Commission to hold an appeal hearing. In the papers attached to the petition, Nejadpour declared that upon receiving the notice of discharge on November 9, 2006, Nejadpour asked Ferguson whether she would accept service of Munroe's appeal on behalf of the DPW. Ferguson reportedly agreed. It is undisputed that Nejadpour understood that Ferguson represented the DPW *not the Commission.* Also, Ferguson's office indicated that Keisha Lakey was the appropriate party at the DPW to receive the notice of appeal and so Nejadpour also mailed the notice to Lakey. *Nejadpour did not send the notice of appeal to the Commission as indicated on the notice of appeal rights.* At some point, a Juan Mendoza notified Nejadpour that the notice of appeal sent to Ferguson's office was insufficient and that another copy should be forwarded to Mendoza's office. That prompted Munroe's January 29, 2007, request for appeal hearing.

The trial court granted Munroe's writ petition. In its lengthy statement of decision, the trial court first found that the Commission's *"decision not to consider the appeal probably was not arbitrary, capricious or lacking in evidentiary support. Munroe did not file a timely appeal. Nor did she seek an extension from the [Commission] upon a showing of good cause.* [Civil Service, rule] 4.05(B). Nor does it appear that Munroe may rely on Nejadpour's discussion with Ferguson to estop the [Commission]. Ferguson did nothing more than accept service for DPW. She did not, and could not, accept service for the [Commission]. Moreover, the Notice of Discharge plainly informed Nejadpour on where to send the notice of appeal." (Italics added.)

Then the trial court reviewed the supplemental briefing it had requested and found that the Commission nonetheless abused its discretion in failing to deem Munroe's late request for an appeal hearing to constitute good cause for an extension of time to file an appeal, pursuant to the Los Angeles County Civil Service Commission Procedural Rules (2008 ed.) rule 4.05B (hereinafter Civil Service, rule). The trial court agreed with Munroe that her March 12, 2006, letter provided good cause for her late filed appeal because it stated that Munroe sent her timely notice of appeal to the DPW's counsel who never

notified Munroe that she did not represent the Commission. The court concluded that Munroe and her attorney "simply failed to read the filing instructions in the Notice of Discharge and make a timely petition for a hearing with [the Commission]. They then improperly served her notice of appeal on [the] DPW, without anyone from [the] DPW misleading Munroe in any way." "Given the preference under the law for a hearing on the merits, the [Commission] decision was an abuse of discretion." The DPW's timely appeal followed.

## CONTENTIONS

The DPW contends that Munroe's appeal request was very untimely. Munroe never asked for an extension of time within which to file her request for a hearing based on good cause, and she failed to provide evidence of good cause for an extension of time because an attorney's error in calculating deadlines is not excusable.

## DISCUSSION

" 'A traditional writ of mandate under Code of Civil Procedure section 1085 is a method for compelling a public entity to perform a legal and usually ministerial duty. [Citation.] The trial court reviews an administrative action pursuant to Code of Civil Procedure section 1085 to determine whether the agency's action was arbitrary, capricious, or entirely lacking in evidentiary support, contrary to established public policy, unlawful, procedurally unfair, or whether the agency failed to follow the procedure and give the notices the law requires. [Citations.] "Although mandate will not lie to control a public agency's discretion, that is to say, force the exercise of discretion in a particular manner, it will lie to correct abuses of discretion. [Citation.] In determining whether an agency has abused its discretion, the court may not substitute its judgment for that of the agency, and if reasonable minds may disagree as to the wisdom of the agency's action, its determination must be upheld. [Citation.]" [Citation.]' [Citation.]" (*American Federation of State, County & Municipal Employees v. Metropolitan Water Dist.* (2005) 126 Cal.App.4th 247, 261 [24 Cal.Rptr.3d 285].)[2]

---

[2] Subdivision (a) of section 1085 of the Code of Civil Procedure reads: "A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by such inferior tribunal, corporation, board, or person."

" 'Generally, a writ will lie when there is no plain, speedy, and adequate alternative remedy; the respondent has a duty to perform; and the petitioner has a clear and beneficial right to performance.' [Citation.]" (*Pomona Police Officers' Assn. v. City of Pomona* (1997) 58 Cal.App.4th 578, 584 [68 Cal.Rptr.2d 205].)

" ' "In reviewing a trial court's judgment on a petition for writ of ordinary mandate, we apply the substantial evidence test to the trial court's factual findings." [Citation.] Thus, foundational matters of fact are conclusive on appeal if supported by substantial evidence. [Citation.]' [Citation.]" (*American Federation of State, County & Municipal Employees v. Metropolitan Water Dist., supra*, 126 Cal.App.4th at p. 261.) However, "[t]o the extent the case involves the interpretation of a statute, which is a question of law, we engage in a de novo review of the trial court's determination. [Citation.]" (*Silver v. Los Angeles County Metropolitan Transportation Authority* (2000) 79 Cal.App.4th 338, 348 [94 Cal.Rptr.2d 287].)

■ "The Los Angeles County Civil Service Commission is a charter agency exercising quasi-judicial powers delegated by the county charter." (*Department of Health Services v. Kennedy* (1984) 163 Cal.App.3d 799, 802 [209 Cal.Rptr. 595], citing charter, art. IX, § 34(13).) "[T]he terms of civil service employment are governed by statute, not by contract. [Citation.]" (*Holmgren v. County of Los Angeles* (2008) 159 Cal.App.4th 593, 602 [71 Cal.Rptr.3d 611].)

According to the Commission's rules, an employee may petition for a hearing. The rules provide: "In cases of discharge . . . of a permanent employee . . . a *timely* petition for hearing *shall be granted* if it states sufficient specific facts and reasons in support of the employee's appeal . . . ." (Civil Service, rule 4.03A, italics added.) Rule 4.05 establishing the timing of a petition reads: "Unless otherwise provided in these Rules, a petition for hearing before the commission *must be filed* within the following time limits: [¶] 1. In a discharge, . . . within 15 business days after service of letter of discharge . . . ." (Civil Service, rule 4.05A1, italics added; see also rule 18.02B.)

The trial court was correct in its initial analysis that Munroe's notice of appeal sent to the Commission's Grand Avenue address on January 29, 2007, was not timely; it was nearly two months late.

More important, however, the DPW's notice of Munroe's discharge notified her of the appeal rights and clearly specified that a notice of appeal be

sent to the Commission within 15 days. Nejadpour's letter sent on November 9, 2006, to Ferguson did not constitute a proper filing *with the Commission.* Given the notice of discharge, which Nejadpour signed for, he was not warranted in believing that he could file Munroe's request for appeal hearing with the DPW, by notice either to outside counsel or to the DPW's Lakey. Where the notice to the Commission was untimely, the Commission's denial of Munroe's appeal as untimely was not unlawful, lacking in evidentiary basis, arbitrary, or capricious, and so it was not an abuse of discretion.

The Commission's rules do provide for an extension of time for filing an appeal. Civil Service, rule 4.05B reads, "Commission may extend the time limits for filing a petition only after consideration of a showing of good cause for the delay which has been submitted in writing. If the commission extends the time limits, the commission shall specify the facts which the commission deems to constitute good cause. *The filing of a departmental grievance or an appeal in another jurisdiction, such as the Employee Relations Commission, shall not constitute good cause* for extending the time limits for filing a petition with the commission. [Citation.]" (Italics added.) Citing Civil Service, rule 4.05B, the trial court reversed the Commission's ruling after concluding, notwithstanding it had just found Munroe did not seek an extension upon a showing of good cause, that the Commission erred in failing to deem Munroe's appeal to constitute good cause for an extension of time. The trial court's ruling was erroneous as a matter of law.

Neither Munroe's January 29, 2007, letter nor her March 12, 2007, letter sent to the Commission establishes good cause for an extension of time. (Civil Service, rule 4.05B.) The January letter merely states that Nejadpour had sent timely notices to Ferguson and Lakey but had not received a response from the DPW. In the March letter, Nejadpour asserts that his client's rights are significant and compelling and he justifies the untimely appeal by repeating that he timely sent the original appeal notice to Ferguson who did not notify him that the DPW rejected it or that Ferguson did not represent the Commission. On appeal Munroe contends that as a permanent, vested employee, she had "rights," and while the Commission's rules should be strictly adhered to, Munroe's due process rights should weigh more heavily and be given greater consideration.

█ As a matter of law, Munroe's January and March 2007 letters do not provide good cause. First, Munroe was never denied due process. She does not deny she had a full *Skelly* hearing. Moreover, good cause has been " ' "equated to a good reason for a party's failure to perform that specific requirement [of the statute] from which he seeks to be excused." [Citation.]'

[Citation.]" (*Katz v. Campbell Union High School Dist.* (2006) 144 Cal.App.4th 1024, 1036 [50 Cal.Rptr.3d 839] [defining good cause for failure to publish summons that conforms to requirements of validation statutes, Code Civ. Proc., § 860 et seq.].) The DPW's notice of discharge plainly specified the Commission's Grand Avenue address as the recipient of requests for appeal hearings and that *copies* should be sent to the DPW. Ferguson accepted receipt of the DPW's notice. ■ But, as the rules spell out, notice to another entity, such as the DPW, could never constitute notice to the *Commission.* (Civil Service, rule 4.05B.) Nor could Ferguson's "appearance to defend the legal rights of [the] LACDPW," as Nejadpour put it in the March 12, 2007, letter, justify his failure to send a request for hearing to the Commission as designated in the notice of discharge. Nejadpour knew that Ferguson represented the DPW, not the Commission. The procedure set forth in the notice of discharge was neither complex nor obscure. The 15-day requirement was "on the books and readily available. [Citation.]" (*Katz, supra,* at p. 1036.) Munroe proffered no excuse to the Commission or to this court for ignoring the rule. Although the trial court accepted the justification that Nejadpour did not read the instructions in the notice of discharge, "[c]ounsel's failure to discharge routine professional duties is not excusable . . . ." (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1402 [72 Cal.Rptr.2d 188] [applying finding no mistake of law and denying relief under Code Civ. Proc., § 473].) Nor is any asserted absence of prejudice to the Commission a reason for excusing Munroe's failure to comply with the rules. It follows that the Commission did not abuse its discretion in concluding that Munroe did not show good cause for filing a late appeal with the Commission.

■ In ruling that Munroe made a showing of good cause, the trial court improperly substituted its judgment for that of the Commission (*American Federation of State, County & Municipal Employees v. Metropolitan Water Dist., supra,* 126 Cal.App.4th at p. 261) and made its own interpretation of the Commission's rules, notwithstanding the Commission had already concluded that Munroe's explanations were not good cause for an extension of time. (Civil Service, rule 4.05B.) An agency's view of a regulation that it enforces is entitled to great weight unless clearly erroneous or unauthorized. (*Californians for Political Reform Foundation v. Fair Political Practices Com.* (1998) 61 Cal.App.4th 472, 484 [71 Cal.Rptr.2d 606].) The Commission's interpretation was neither. The Commission's ruling was supported by the facts, and was lawful, not arbitrary or capricious, and so it did not amount to an abuse of discretion. (*Family Planning Associates Medical Group, Inc. v. Belshé* (1998) 62 Cal.App.4th 999, 1004 [73 Cal.Rptr.2d 221].) Therefore, the trial court erred in granting Munroe's writ petition.

## DISPOSITION

The judgment granting the writ of mandate is reversed. Each party to bear its own costs of the proceeding.

Klein, P. J., and Croskey, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 17, 2009, S177261.