Filed 8/28/15  Walker v. City of San Clemente CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DANIEL WALKER, as Trustee, etc., et al., | |
| Plaintiffs and Respondents, | G050987 |
| v. | (Super. Ct. No. 30-2012-00591239) |
| CITY OF SAN CLEMENTE et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Robert D. Monarch, Judge.  (Retired judge of the Orange County Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Appeal dismissed.

Rutan & Tucker, Jeffrey M. Oderman, Robert O. Owen and Ajit S. Thind for Defendants and Appellants.

Spach, Capaldi & Waggaman and Madison S. Spach, Jr.; Brad Malamud and Paul Rosenfield for Plaintiffs and Respondents.

*          *          *

Plaintiffs and respondents Daniel Walker, as Trustee for the 1997 Walker Family Trust, and W. Justin McCarthy (collectively, Plaintiffs) prevailed in their action to compel defendant and appellant City of San Clemente (City)[1] to refund approximately $10.5 million in unexpended development fees to the current owners of all properties on which the City imposed the fees. Based on Plaintiffs' success, the trial court awarded them $1.5 million in attorney fees under the common fund doctrine. Under that doctrine, "'when a number of persons are entitled in common to a specific fund, and an action brought by a plaintiff or plaintiffs for the benefit of all results in the creation or preservation of that fund, such plaintiff or plaintiffs may be awarded attorney[] fees out of the fund.'" (*Serrano v. Priest* (1977) 20 Cal.3d 25, 34 (*Serrano III*).)

The City appeals from the trial court's attorney fee award, but we must dismiss the City's appeal because it lacks standing to appeal the award. Only a party with an adversely affect legal interest has standing to appeal. (Code Civ. Proc., § 902; *Serrano v. Stefan Merli Plastering Co., Inc.* (2008) 162 Cal.App.4th 1014, 1026 (*Serrano*).)[2] Our Supreme Court has declared a defendant lacks standing to appeal from an order awarding attorney fees under the common fund doctrine because the award is paid from a fund created by the underlying judgment, and therefore does not adversely affect the defendant's rights. (*Sanders v. City of Los Angeles* (1970) 3 Cal.3d 252, 263 (*Sanders*).)

---

[1] The City Council of San Clemente also is a defendant and appellant, but we simply refer to the City for ease of reference.

[2] All statutory references are to the Code of Civil Procedure unless otherwise stated.

2

# I

## FACTS AND PROCEDURAL HISTORY

In 1989, the City established the "Beach Parking Impact Fee" to mitigate the anticipated increase in beach parking that would result from large scale residential developments proposed for its inland areas. The City declared it would use the fee to finance the acquisition and construction of parking facilities at or near the City's beaches. The City thereafter imposed the Beach Parking Impact Fee as a condition of approval for new residential developments outside the City's coastal zone.

Originally, the City set the Beach Parking Impact Fee at $1,500 per dwelling unit, but it later reduced the fee to $750 per dwelling unit, subject to annual adjustments based on the Consumer Price Index. Between 1989 and 2009, the City collected nearly $6 million in impact fees and more than $3 million in interest. In 1994, the City used approximately $337,000 of the fees to purchase a vacant lot next to a parking lot the City already owned and operated in its North Beach area, but that lot remains vacant. It has been 25 years since the City established and began collecting the Beach Parking Impact Fee, but the City has not used the fee to construct any new parking facilities or make any significant beach parking improvements.

In 2012, Plaintiffs filed this mandamus and declaratory relief action to compel the City to refund all Beach Parking Impact Fees to the current owners of the affected properties. Plaintiffs alleged the Mitigation Fee Act (Gov. Code, § 66000 et seq.; Act) required the City to refund the impact fees because the City had not used the Beach Parking Impact Fee for the designated purpose of constructing new beach parking facilities, and the City failed to make the findings the Act required for the City to retain the funds for 20 years. The trial court agreed and ordered the City to refund approximately $10.5 million in unexpended Beach Parking Impact Fees the City still held. In *Walker v. City of San Clemente* (Aug. 28, 2015, G050552) ___ Cal.App.4th ___,

3

we affirmed the trial court's judgment because the City failed to make the findings the Act required for the City to retain the Beach Parking Impact Fees for more than five years and the statutorily-mandated remedy for that failure is a refund to the current property owners.

Plaintiffs brought a motion seeking approximately $600,000 in attorney fees from the City under the private attorney general doctrine codified in section 1021.5. The fees included a lodestar amount of approximately $371,000 and a 1.6 multiplier. The City opposed the motion on a variety of grounds. Alternatively, the City argued the common fund doctrine would apply to any potential award and therefore the court should use the unexpended parking fees to pay the award, not the City's general fund. The trial court denied the motion without prejudice because Plaintiffs prematurely filed the motion before the court entered judgment, but the court asked Plaintiffs in any future motion to address whether the common fund doctrine applied.[3]

After the court entered judgment, Plaintiffs filed a new motion seeking attorney fees and costs under both the common fund doctrine and the private attorney general doctrine. Under the common fund doctrine, Plaintiffs sought an award equal to 33 percent of the fund this litigation created, or roughly $3.5 million. Alternatively, Plaintiffs sought approximately $2.5 million under the private attorney general doctrine, based upon a lodestar of approximately $625,000 and a 4.0 multiplier. The City again opposed the motion on a variety of grounds, and also argued that any potential award

---

[3]     The City asks us to judicially notice various documents from the trial court file that it failed to include in the record on appeal, including Plaintiffs' complaint, Plaintiffs' opening and reply briefs on the merits, the court's ruling on the merits, the court's judgment, and the court's minute order denying Plaintiffs' original attorney fee motion. Plaintiffs filed no opposition. We grant the request because documents from a court's files may be judicially noticed. (Evid. Code, §§ 452, subd. (d), 459; *Rosen v. St. Joseph Hospital of Orange County* (2011) 193 Cal.App.4th 453, 457, fn. 2.)

4

should be drawn from the unexpended Beach Parking Impact Fees under the common fund doctrine.

The trial court granted the motion and awarded Plaintiffs $1.5 million in attorney fees and costs under the common fund doctrine. The City timely appealed.

## II

### DISCUSSION

A. *The City Lacks Standing to Appeal the Trial Court's Attorney Fee Award Because the City Is Not an Aggrieved Party*

Plaintiffs contend we must dismiss the City's appeal for lack of standing because the City is not an aggrieved party under the trial court's postjudgment order awarding attorney fees. According to Plaintiffs, the City is not aggrieved because the trial court ordered the City to pay the award from the unexpended Beach Parking Impact Fees. Because the judgment already required the City to refund these fees to the affected property owners, Plaintiffs contend the award did not adversely affect the City's legal interests. We agree and dismiss the City's appeal.

"Only a party aggrieved by a judgment or order has standing to appeal the judgment or order." (*Serrano*, *supra*, 162 Cal.App.4th at p. 1025; see § 902 ["Any party aggrieved may appeal in the cases prescribed in this title"]; *In re Marriage of Brockman* (1987) 194 Cal.App.3d 1035, 1041 (*Brockman*) ["It is 'well settled by statute, case law, and logic that only an aggrieved party may bring the appeal'"].) "Conversely, 'A party who is not aggrieved by an order or judgment has no standing to attack it on appeal.'" (*El Dorado Irrigation Dist. v. State Water Resources Control Bd.* (2006) 142 Cal.App.4th 937, 977.) "A party who has an interest recognized by law that is adversely affected by the judgment or order is an aggrieved party. [Citations.] The interest must be immediate and substantial, and not nominal or remote." (*Serrano*, at pp. 1026-1027; see *In re K.C.* (2011) 52 Cal.4th 231, 236.) "Standing to appeal is 'jurisdictional and therefore cannot

5

be waived.'" (*Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 295; see *Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947.)

The trial court awarded Plaintiffs attorney fees under the common fund doctrine, which is an equitable exception to the American rule that the parties to litigation must bear their own attorney fees. Under the doctrine, "'one who expends attorney[] fees in winning a suit which creates a fund from which others derive benefits, may require those passive beneficiaries to bear a fair share of the litigation costs.'" (*Serrano III*, *supra*, 20 Cal.3d at p. 35; see *Abouab v. City and County of San Francisco* (2006) 141 Cal.App.4th 643, 662.) The doctrine "'is grounded in "the historic power of equity to permit the trustee of a fund or property, or a party preserving or recovering a fund for the benefit of others in addition to himself, to recover his costs, including his attorney[] fees, from the fund of property itself or directly from the other parties enjoying the benefit."'" (*Ibid*.)

Our Supreme Court has held that a defendant lacks standing to appeal from an order awarding attorney fees under the common fund doctrine because the award is made from the fund the defendant is obligated to pay under the judgment, and therefore the award does not increase the defendant's liability or adversely affect the defendant's interests. (*Sanders*, *supra*, 3 Cal.3d at p. 263; Pearl, Cal. Attorney Fee Awards (Cont.Ed.Bar. 3d ed. 2015) Attorney Fee Awards Based on Equitable Theories, § 5.20, p. 5-12 ["Fee awards paid from a common fund differ significantly from fee awards paid by defendants over and above the recovery because, in the case of a common fund fee award, the defendant has no standing to appeal the award"].)

In *Sanders*, Los Angeles City employees brought a representative action to compel the city to retroactively provide salary and wage increases mandated by the city's charter. The trial court entered judgment in the employees' favor and ordered the city to retroactively pay the employees the increased wages and salaries it had neglected to pay. (*Sanders*, *supra*, 3 Cal.3d at p. 256.) The trial court also awarded the employees their

6

attorney fees under the common fund doctrine, ordering the city to pay 25 percent of the total amount of back wages and salaries to the employees' attorneys. The city appealed both the judgment and the attorney fee award. (*Id*. at p. 261.)

The *Sanders* court addressed the city's appeal from the judgment on the merits, but refused to consider its appeal from the attorney fee award because the city lacked standing as an aggrieved party. The Supreme Court explained, "The liability of defendants was not increased in any way by reason of this award. . . . The only parties 'injuriously affected' by the order for fees are members of the class in whose behalf the action was brought and out of whose recoveries the fees will be paid. They did not appear in objection to the award, did not move to vacate the award, and did not appeal." (*Sanders*, *supra*, 3 Cal.3d at p. 263.)

Here, the trial court entered judgment against the City ordering it to refund approximately $10.5 million in unexpended development fees to the current owners of the properties on which the City had imposed the Beach Parking Impact Fee. The court then awarded Plaintiffs $1.5 million in attorney fees under the common fund doctrine, ordering the City to pay the fees to Plaintiffs' attorneys from the unexpended impact fees rather than the City's general fund. Accordingly, *Sanders* compels the conclusion the City is not an aggrieved party under the attorney fee award and therefore lacks standing to appeal.

We note the property owners benefited by the judgment did not receive notice of the trial court's attorney fee award and were not provided an opportunity to object to using a portion of the refunded development fees to pay the award. The property owners, however, will receive notice of the judgment and award when they are identified and the court determines the amount of their refund. At that time, the property owners may seek to vacate the award if they deem it improper. Nonetheless, any lack of notice to the property owners does not make the City an aggrieved party with standing to appeal because it does not affect the City's legal interests. "[A] would-be appellant

7

'lacks standing to raise issues affecting another person's interests'" (*In re D.S.* (2007) 156 Cal.App.4th 671, 674), and a party that is not aggrieved by a judgment or order lacks standing to appeal even if the judgment or order is void (*Brockman*, *supra*, 194 Cal.App.3d at p. 1042).

The City argues Plaintiffs forfeited the standing issue on appeal because Plaintiffs did not challenge the City's standing in the trial court. This argument reflects a fundamental misunderstanding of the difference between standing in the trial court and the appellate court. (See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.* (2005) 125 Cal.App.4th 1300, 1304-1305.) Standing in the trial court is based on whether the plaintiff is the real party in interest on the claims asserted. (§ 367 ["Every action must be prosecuted in the name of the real party in interest"].) The real party in interest is "'[t]he person who has the right to sue *under the substantive law*.'" (*Jasmine Networks, Inc. v. Superior Court* (2009) 180 Cal.App.4th 980, 991.) As explained above, we determine appellate court standing based on whether the appellant is aggrieved by the judgment or order from which the appeal is taken. (§ 902; see, e.g., *Serrano*, *supra*, 162 Cal.App.4th at p. 1025.)

Here, Plaintiffs had no trial court challenge to assert regarding the City's standing because Plaintiffs were the parties asserting the claims seeking relief from the City. As for Plaintiffs' attorney fee motion, there was no basis for Plaintiffs to challenge the City's standing to oppose the request because the City was not seeking any relief. Moreover, one of the legal grounds on which Plaintiffs sought an attorney fee award was the private attorney general doctrine. Under that doctrine, the City would have been liable to pay any attorney fee award out of its general fund rather than from the funds the judgment required it to refund. (§ 1021.5.) The common fund doctrine was an alternative legal basis that was first raised by the City itself. Obviously, Plaintiffs could not challenge the City's standing until the trial court made the award, and therefore

8

Plaintiffs could not waive a challenge to the City's appellate court standing by failing to raise it in the trial court.[4]

The City also contends it has standing to appeal the fee award because it is "'beneficially interested'" in preserving the Beach Parking Impact Fees to construct needed beach parking. This argument also fails because the City confuses trial court and appellate court standing. The City's interest in preserving the Beach Parking Impact Fees to construct new parking speaks to the City's standing to appeal from the judgment requiring the City to refund the unexpended Beach Parking Impact Fees. As explained above, that interest does not make the City an aggrieved party with standing to appeal the trial court's separate attorney fee award under the common fund doctrine.

Moreover, the City relies on the beneficially interested standard from section 1086, which establishes the standard a party must meet for standing to seek a writ of mandate. (*Associated Builders & Contractors, Inc. v. San Francisco Airports Com.* (1999) 21 Cal.4th 352, 361-362.) Specifically, section 1086 states, "[a writ of mandate] must be issued upon the verified petition of the party beneficially interested." Section 1086 therefore does not define whether a party has standing to appeal from a trial court judgment or order, and therefore the City's reliance on cases that apply that code section are inapposite. (See *Bd. of Soc. Welfare v. County of L. A.* (1945) 27 Cal.2d 98, 100-101; *Santiago County Water Dist. v. County of Orange* (1981) 118 Cal.App.3d 818, 832-833; *County of Los Angeles v. Tax Appeals Bd. No. 2* (1968) 267 Cal.App.2d 830, 833-834.) Similarly, the cases the City cites that apply the standards for trial court standing have no relevance in determining whether an appellant is an aggrieved party with standing to pursue an appeal. (See *City of Industry v. City of Fillmore* (2011)

_____

[4] It also is worthy of note that standing is a jurisdictional issue that can be raised at any time, including for the first time on appeal. (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 438-439; *Rialto Citizens for Responsible Growth v. City of Rialto* (2012) 208 Cal.App.4th 899, 912.)

9

198 Cal.App.4th 191, 208-209; *Selinger v. City Council* (1989) 216 Cal.App.3d 259, 270-271; *In re Apple iPhone/iPod Warranty Litigation* (N.D.Cal. 2014) 40 F.Supp.3d 1176, 1178-1179.)

III

DISPOSITION

The appeal is dismissed based on the City's lack of standing.  Plaintiffs shall recover their costs on appeal.


ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


FYBEL, J.


10
